```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ERIC R. DINALLO, Superintendent of       :
Insurance of the State of New York, in   :
his capacity as Liquidator of Midland    :
Insurance Company,                       :
                         Plaintiff,      :      09 Civ. 5575 (DLC)
                                         :
             -v-                         :      OPINION & ORDER
                                         :
DUNAV INSURANCE COMPANY,                 :
                         Defendant.      :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:
David B. Hamm
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

Andrew J. Lorin
James E. d'Auguste
Judy Kim
Lisa C. Leath
New York Liquidation Bureau
123 William Street
New York, NY 10038

For Defendant:
Katherine B. Posner
Condon & Forsyth LLP
7 Times Square, 18th Floor
New York, NY 10036

DENISE COTE, District Judge:

Plaintiff Eric R. Dinallo, Superintendent of Insurance of the State of New York, moves to remand to state court his lawsuit against Dunav Re, a Serbian reinsurance company, on the

ground that the defendant consented in its reinsurance contract to submit to the jurisdiction of any competent court.[1] For the reasons stated below, plaintiff's motion is granted.

## BACKGROUND

Plaintiff brings this suit in his capacity as Liquidator of Midland Insurance Company ("Midland"), a New York property and casualty insurer that was placed into liquidation by court order on April 3, 1986.[2] Plaintiff alleges that, between November 1978 and October 1980, Midland and the defendant entered into four separate reinsurance treaties or continuing reinsurance contracts (the "Reinsurance Agreements") pertaining to certain insurance policies written by Midland in effect between June 1, 1977 and June 30, 1982.[3] Midland incurred various losses from claims on these policies, claims that were in turn covered under

---

[1] The defendant asserts that the proper defendant is Dunav Re a.d.o. ("Dunav Re") and that Dunav Re was improperly served as Dunav Insurance Company.

[2] As a result of the April 1986 liquidation order, the state Superintendent of Insurance became "vested with title to all of the property, licenses, corporate charters, contracts and rights of action of Midland pursuant to Section 7405 of the Insurance Law" (alteration omitted).

[3] The first three contracts between Midland and the defendant were signed by Midland on November 29, 1978, and by the defendant on January 15, 1979. The fourth contract between Midland and the defendant was signed by Midland on July 30, 1980, and by the defendant on October 10, 1980. A series of four addenda were executed thereafter between 1981 and 1984.

its Reinsurance Agreements with the defendant.  When the plaintiff billed the defendant for the latter's obligations on those claims, the defendant failed to pay.  Plaintiff also alleges that the defendant breached its contractual duty to provide letters of credit to secure its potential financial obligations under the Reinsurance Agreements.

Plaintiff filed this lawsuit in New York Supreme Court, New York County, on May 12, 2009, seeking payment by the defendant of $840,801.18 plus interest and demanding that the defendant post as security an irrevocable letter of credit in the amount of $2,177,961.18.  The defendant removed this action to federal court pursuant to 28 U.S.C. § 1441(a) on June 17, 2009, based on the existence of diversity jurisdiction, because the plaintiff is a New York citizen and the defendant is a citizen of a foreign state.  This motion to remand followed, and became fully submitted on September 18.

### DISCUSSION

On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal."  Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).  "'[S]tatutory procedures for removal are to be strictly construed,'" In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007)

(quoting Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002)), and "out of respect for the limited jurisdiction of the federal courts and the rights of states," a court "must resolve any doubts against removability." Id. (citation omitted).

Plaintiff argues that removal was improper, and thus that remand is required, because a "service of suit" provision included in each of the Reinsurance Agreements requires the defendant to submit to jurisdiction in any proper forum selected by the plaintiff.[4]  The service of suit clause reads as follows:

>                          ARTICLE XVIII
>
> SERVICE OF SUIT
>
> (Applies only to those Reinsurers who are domiciled
> outside the United States of America)
>
> In the event of the failure of the Reinsurer hereon to
> pay any amount claimed to be due hereunder, the
> Reinsurer hereon, at the request of the Company, will
> submit to the jurisdiction of any Court of competent
> jurisdiction within the United States and will comply
> with all requirements necessary to give such Court
> jurisdiction and all matters arising hereunder shall

---

[4] Given the result here, it is unnecessary to reach the plaintiff's two additional grounds for remand.  Plaintiff asserts that the defendant was aware at the time of contracting with Midland that, in the event of Midland's insolvency, any litigation would be subject to the jurisdiction of the court assigned to supervise the liquidation proceedings.  Plaintiff also asserts that the Court should abstain from jurisdiction under the Burford doctrine, see Burford v. Sun Oil Co., 319 U.S. 315 (1943), and that abstention is supported by the federal policy of noninterference in insurance regulation as expressed by Congress in the McCarran-Ferguson Act, 15 U.S.C. § 1011.

> be determined in accordance with the law and practice of such Court.
>
> Service of process in such suit may be made upon Messrs. Mendes and Mount, 3 Park Avenue, New York, N.Y. 10016, and in any suit instituted against any one of them upon this Agreement, the Reinsurer <u>will abide by the final decision of such Court</u> or of any Appellate Court in the event of an appeal. . . .

(emphasis added). This clause, by its terms, obliges the defendant to "comply with all requirements necessary to give such Court jurisdiction" and "abide by the final decision of such Court." The clause also guarantees to the plaintiff, as Midland's successor in interest, the right to choose "any Court of competent jurisdiction within the United States" in which to file suit if the defendant fails to pay under the Reinsurance Agreements and requires the defendant to cooperate with that choice.

This service of suit clause operates as a waiver of the defendant's right to remove to federal court. "Parties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts." <u>Yakin v. Tyler Hill Corp.</u>, 566 F.3d 72, 76 (2d Cir. 2009). The service of suit clause is "a standard provision that Lloyd's underwriters have used in insurance and reinsurance contracts

5

for decades."[5]  Allendale Mut. Ins. Co. v. Excess Ins. Co., Ltd., 970 F. Supp. 265, 273 (S.D.N.Y. 1997).  The clause has been consistently found to operate as a waiver of removal rights.  Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1047 (11th Cir. 2001); Suter v. Munich Reins. Co., 223 F.3d 150, 156 (3d Cir. 2000) (citing Foster, infra, with approval but distinguishing removal grounded upon the Federal Arbitration Act, 9 U.S.C. § 205); Travelers Ins. Co. v. Keeling, 996 F.2d 1485, 1489-90 (2d Cir. 1993) (declining to issue a writ of mandamus, finding that "[t]he district court was clearly acting within its power in construing a forum selection clause as waiving the right of removal"); Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216-19 (3d Cir. 1991); City of Rose City v. Nutmeg Ins. Co., 931 F.2d 13, 14-15 (5th Cir. 1991) ("Nutmeg").  By removing this case from state court, the defendant is acting inconsistently with its contractual obligation to "comply with all requirements necessary to give [the New York Supreme] Court jurisdiction" and frustrating that court's ability to render a "final decision."  Suter, 223 F.3d at 156.  "[T]he clause makes clear that the policyholder shall

---

[5] The defendant acknowledges that this "standard service of suit provision . . . was included in the Reinsurance Treaties as a condition for a foreign reinsurer to do business with a New York insurer."

enjoy the right to choose the forum in which any dispute will be heard."  Nutmeg, 931 F.2d at 15.

The defendant argues that the service of suit clause does not operate as a waiver of the defendant's right of removal because the meaning of "the service of suit language . . . is ambiguous" and that, by contrast, "any waiver of the right to removal must be clear and unequivocal."  The Court of Appeals rejected this argument in 1993, when it observed that the reinsurance industry has "known since the decision in General Phoenix Corp. v. Ma[ly]on, 88 F. Supp. 502 (S.D.N.Y. 1949), that this service of suit clause waived removal."  Travelers, 996 F.2d at 1490.

The defendant also cites various state and federal cases to support its argument that the service of suit clause should not operate as a waiver in this case.  All of the defendant's cases, however, are readily distinguished.  For example, Brooke Group Ltd. v. JCH Syndicate 488, 87 N.Y.2d 530 (1996), did not consider the question of whether the service of suit clause operated as a waiver of removal.  B.D. Cooke & Partners Ltd. v. Certain Underwriters at Lloyd's, London, 606 F. Supp. 2d 420, 426-27 (S.D.N.Y. 2009), and other decisions on which it relies, concern whether a defendant could remove a suit pursuant to the Federal Arbitration Act, 9 U.S.C. § 205, notwithstanding a service of suit clause in the underlying contract.  As the court

in B.D. Cooke explained, the insertion of an arbitration clause into reinsurance contracts created an ambiguity upon which courts have relied to enforce removal rights undertaken pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and its implementing statute, the Federal Arbitration Act, 9 U.S.C. § 201, et seq.  B.D. Cooke, 606 F. Supp. 2d at 426-27.  In this case, however, the basis for the defendant's removal is not the existence of an arbitration agreement enforceable in federal court under the Convention, but instead the general removal statute, 28 U.S.C. § 1441(a), supported by the existence of diversity jurisdiction.  Here, there is no ambiguity preventing enforcement of the service of suit clause.[6]

---

[6]  The fact that the Reinsurance Agreements also contain arbitration clauses -- clauses that the defendant admits "became ineffective upon . . . Midland's liquidation" -- does not change the Court's analysis.  Cf. Travelers Ins. Co. v. Keeling, No. 91 Civ. 7753 (JFK), 1993 WL 18909 at *5 (S.D.N.Y. Jan. 19, 1993) (holding, on different facts, that "the presence of the arbitration clause in the Reinsurance Agreements does not subvert Underwriters' waiver of removal rights via the Agreements' service of suit provision.").

CONCLUSION

The plaintiff's July 21, 2009 motion to remand is granted. The Clerk of Court shall remand the case to New York Supreme Court, and close the federal case.

SO ORDERED:

Dated:   New York, New York
         November 19, 2009

```
                              _____
                                      DENISE COTE
                              United States District Judge
```