```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ERIC R. DINALLO, Superintendent of       :
Insurance of the State of New York,      :
in his capacity as Liquidator of         :
Midland Insurance Company,               :       09 Civ. 5575 (DLC)
                                         :
                    Plaintiff,           :
                                         :           MEMORANDUM
            -v-                          :        OPINION & ORDER
                                         :
DUNAV INSURANCE COMPANY,                 :
                                         :
                    Defendant.           :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:
Charles A. Crum
Herzfeld & Rubin, P.C.
125 Broad Street, 12th Floor
New York, NY 10004

For Defendant:
Katherine B. Posner
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

DENISE COTE, District Judge:

Defendant Dunav Insurance Company ("Dunav Re")[1] moves for reconsideration of the November 19, 2009 Opinion and Order remanding this suit to New York Supreme Court. Dinallo v. Dunav Ins. Co., __ F. Supp. 2d __, No. 09 Civ. 5575 (DLC), 2009 WL

---

[1] The defendant asserts that the proper defendant is Dunav Re a.d.o. and that it was improperly served as Dunav Insurance Company.

3878058 (S.D.N.Y. Nov. 19, 2009) (the "November 19 Opinion"). For the following reasons, the motion is denied.

## BACKGROUND

The relevant factual background is provided in the November 19 Opinion. Dunav Re, a Serbian reinsurance company, entered into four separate reinsurance contracts (the "Reinsurance Treaties") between 1978 and 1980 with Midland Insurance Company ("Midland"), a company that was subsequently liquidated in 1986 and whose assets and liabilities have been assumed by the plaintiff, the state Superintendent of Insurance. The Reinsurance Treaties each contained a "service of suit" provision whereby Dunav Re agreed to "submit to the jurisdiction of any Court of competent jurisdiction within the United States" and to "comply with all requirements necessary to give such Court jurisdiction." The November 19 Opinion decided that this contractual provision effected a waiver of the defendant's removal rights.

Dunav Re argues that the November 19 Opinion overlooked various important facts and made erroneous assumptions about its reasons for agreeing to the service-of-suit provisions. First, Dunav Re claims that "the Court overlooked the fact that Dunav Re is a Serbian reinsurance company, not Underwriter's at

Lloyds."[2]  Second, Dunav Re asserts that the Reinsurance Treaties "were among the first transactions Dunav Re entered into in the United States" and, consequently, that it "lacked the level of sophistication and experience of insurers that participated in the London Market or wrote reinsurance in the United States on a regular basis."  Third, Dunav Re claims that it was "given to understand that the Service of Suit provision written into the Reinsurance Treaties with Midland was required by law and that no changes to such language could be made."  Finally, Dunav Re argues that, when the Reinsurance Treaties were concluded, "there was no indication by any of the parties involved" that Dunav Re was being asked to waive its removal rights.

## DISCUSSION

The standard for reconsideration is strict.  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted).

---

[2] The November 19 Opinion noted that the service-of-suit clause is "'a standard provision that Lloyd's underwriters have used in insurance and reinsurance contracts for decades.'"  Dinallo, 2009 WL 3878058 at *2 (quoting Allendale Mut. Ins. Co. v. Excess Ins. Co., Ltd., 970 F. Supp. 265, 273 (S.D.N.Y. 1997)).

3

A motion for reconsideration is not an occasion to repeat arguments previously considered by a court and rejected.  See Zoll v. Jordache Enters. Inc., No. 01 Civ. 1339 (CSH), 2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003) ("[Local Rule 6.3] is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." (citation omitted)).  Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court."  Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Dunav Re has not shown that the November 19 Opinion overlooked any factual matter or legal argument that it had previously presented.  The November 19 Opinion considered, and rejected, the defendant's argument that the service-of-suit provision was ambiguous.  The clause has long been held to effect a waiver of removal rights.  See Travelers Ins. Co. v. Keeling, 996 F.2d 1485, 1490 (2d Cir. 1993) (noting that it has been clear "since the decision in General Phoenix Corp. v. Ma[ly]on, 88 F. Supp. 502 (S.D.N.Y. 1949), that this service of

4

suit clause waived removal."); Maryland Cas. Co. v. Cont'l Cas. Co., 332 F.3d 145, 159 (2d Cir. 2003) ("[C]ontracts are interpreted in accordance with the law in effect at the time of their formation.").

To the extent that Dunav Re grounds its motion for reconsideration upon issues not previously relied upon in opposing the plaintiff's motion to remand, such argument is untimely. For example, Dunav Re did not previously allege that it was unfamiliar with the reinsurance industry, that it believed the "Service of Suit provision . . . was required by law," or that it understood the provision to waive only its "right to contest jurisdiction or service of process." Dunav Re may not now assert those arguments as a basis for obtaining reconsideration.

## CONCLUSION

Dunav Re's December 3, 2009 motion for reconsideration is denied.

SO ORDERED:

Dated:   New York, New York
         February 1, 2010

                                              */s/ Denise Cote*
                                              DENISE COTE
                                    United States District Judge

5